# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3140-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CARLOS R. LUGO,

     Defendant-Appellant.

_____

Submitted April 27, 2020 – Decided May 21, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 08-08-1148.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth Ann Harrigan, Designated Counsel, on the briefs).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Carlos R. Lugo appeals from a December 18, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean the following facts from the record. In August 2007, police arrested defendant for the sexual assault of a minor. On August 21, 2008, a Passaic County grand jury indicted defendant for second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4) (count one), and for third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count two).

On April 20, 2009, defendant pleaded guilty to an amended charge of fourth-degree sexual contact, N.J.S.A. 2C:14-3. In the course of the allocution at defendant's plea hearing, defendant testified as to his understanding of the immigration consequences of his plea. Defendant was asked "[y]ou also know that this charge could impact on your immigration status?" He responded under oath, "Yeah." Defendant's trial attorney also confirmed with defendant on the record that he was not a United States citizen, and he then asked defendant whether they had discussed "that this could have some impact on your ability to seek to be a citizen." Again, defendant responded under oath, "Yes."

A-3140-18T4

After reiterating that defendant's plea could negatively affect his immigration status, the State's attorney also asked defendant, "Do you understand that [it] is not up to this [c]ourt here, that [it] is up to the federal immigration authorities to decide that; do you understand that, sir?" Defendant again responded under oath, "Yes." Further, the judge asked defendant at the plea hearing, "But you must understand that you could, and I just emphasize could, not necessarily will, but could be just deported for an offense like this; do you understand that?" Defendant replied under oath, "Yeah. Yes." Additionally, on defendant's plea form, in response to the question, "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty," he circled "Yes."

At defendant's sentencing hearing, the trial judge again questioned whether defendant was aware that his plea agreement could impact his citizenship status and lead to his deportation. Under oath, defendant again responded affirmatively to both queries. Further, the judge stated:

> [I]f this offense is considered . . . an aggravated felony, now we're still waiting to get a list from . . . the Immigration Custom Enforcement to see what aggravated felonies are [so] that . . . defendants know what they are when they plead.

If it's considered an aggravated felony, then you will be deported, okay? . . . If it's not, then something else may happen, I don't know, all right? I just need you to know that. Okay?

No verbal response from defendant to this statement was transcribed in the record. However, after the judge rendered his sentence, the parties further discussed the issue of immigration, and the State's attorney stated, "Anecdotally, I would say because of Megan's Law, [defendant] probably will face deportation." The judge reaffirmed this on the record.

Consistent with the terms of the plea agreement, the judge sentenced defendant to three years' probation, no victim contact, and registration pursuant to Megan's Law, N.J.S.A. 2C:7-1 to -23, but without parole supervision for life.

On February 2, 2018, defendant, acting pro se, filed a petition for PCR based on ineffective assistance of counsel. On February 8, 2018, defendant was assigned counsel to represent him. Defendant asserted that despite filing his PCR petition more than five years after the entry of final judgment, contrary to Rule 3:22-12, his delay constituted excusable neglect because he filed his petition immediately after discovering that he was subject to mandatory deportation. Defendant alleged that he was afforded ineffective

4

assistance of counsel because his trial attorney affirmatively misadvised him about the immigration consequences of his guilty plea.

On December 18, 2018, Judge Sohail Mohammed found that defendant failed to raise a prima facie case of ineffective assistance of counsel, and entered an order denying his petition without an evidentiary hearing. Judge Mohammed found that defendant's appeal for PCR was barred by the five-year statute of limitations imposed by Rule 3:22-12. The judge found that defendant filed his PCR petition more than five years after the date final judgment was entered, and that no exceptional circumstances warranted relaxation of the Rule.

Judge Mohammed also found that defendant's application was otherwise without merit. The judge emphasized:

> Defendant acknowledged not only that he was not a . . . citizen, but also answered in the affirmative when he was asked and further acknowledged the reality that his immigration status . . . could likely be jeopardized if such a plea was entered into . . . nevertheless he proceeded. Nothing in the record supports the notion that . . . [d]efendant was not on notice as to the potential negative immigration consequences that were looming after he decided to enter into and accept a guilty plea.

Consequently, the judge held that defendant failed to satisfy the first prong of Strickland v. Washington, 466 U.S. 668, 687 (1984) because defendant's

attorney "in conjunction with . . . the State and the [c]ourt, all discussed with and outlined for . . . [d]efendant, on repeated occasions, how taking the instant plea could encumber [his] immigration status and even lead to his eventual deportation." On December 18, 2018, the trial judge entered an order denying defendant's application for PCR. This appeal ensued.

On appeal, defendant presents the following arguments:

POINT I
THE [PCR] JUDGE ERRED IN HIS DETERMINATION THAT TRIAL COUNSEL PROVIDED EFFECTIVE ASSISTANCE SINCE SHE GAVE DEFENDANT MISLEADING AND INACCURATE ADVICE ABOUT THE IMMIGRATION CONSEQUENCES OF HIS GUILTY PLEA.

POINT II
THE [PCR] JUDGE ERRED BY DENYING DEFENDANT'S CLAIM THAT HIS PLEA WAS DEFECTIVE DUE TO THE FAILURE OF BOTH TRIAL COUNSEL AND THE TRIAL [JUDGE] TO EXPLAIN THE IMMIGRATION CONSEQUENCES OF DEFENDANT'S GUILTY PLEA.

POINT III
THE [PCR JUDGE] ERRED IN DENYING . . . DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.

POINT IV
THE [PCR] JUDGE ERRED IN HIS DETERMINATION THAT DEFENDANT FAILED TO ESTABLISH EXCUSABLE NEGLECT TO EXTEND THE FIVE-YEAR TIME BAR UNDER [RULE] 3:22-12(a)(1) AND HIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FALLS WITHIN THE EXCEPTION TO [RULE] 3:22-4 SINCE IT WAS A DENIAL OF HIS CONSTITUTIONAL RIGHTS.

We conclude defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the judge in his well-reasoned decision. We add the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462-63 (1992)). To obtain relief based on ineffective assistance grounds, a defendant must demonstrate not only that counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey, now known as the Strickland/Fritz test).

In connection with a PCR application alleging ineffective assistance of counsel for failure to explain the immigration consequences of a plea bargain, non-citizen defendants may be relieved of their burden to satisfy the Strickland test. This occurs where counsel affirmatively misadvises a defendant as to the immigration consequences of his guilty plea, and tells him that he will not be deported based on his criminal conviction. State v. Gaitan, 209 N.J. 339, 346 (2012) (discussing State v. Nuñez-Valdéz, 200 N.J. 129, 140-42 (2009)).

As the trial judge found, defendant failed to meet this standard warranting an evidentiary hearing; he has not established a prima facie case of ineffectiveness, but instead made unsupported bald assertions that are directly contradicted and belied by his testimony at his plea hearing. For this same reason, there are no exceptional circumstances permitting a PCR application that is time-barred by Rule 3:22-12.

To the extent that we have not specifically addressed any other issues raised by defendant, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-3140-18T4